Prince Oparaji, Appellant,
against
UFCW Local 34250, Meyer Steingard, Gerard T. Hirschfield and Mountainside Transportation, Defendants. Kareem R. Vessup, Esq., Nonparty-Respondent.



Appeal from an amended order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered August 18, 2014. The amended order, insofar as appealed from as limited by the brief, granted the branch of a motion by Kareem R. Vessup, Esq., seeking leave to deposit with the Queens County Civil Court Clerk's Office the settlement proceeds he had received on behalf of plaintiff.




ORDERED that the amended order, insofar as appealed from, is affirmed, without costs.
Plaintiff pro se commenced this action to recover damages for injuries he had allegedly sustained in a motor vehicle accident in 2001. At the time, the juvenile plaintiff was a passenger in a bus owned by defendant Mountainside Transportation Co., Inc. (Mountainside) and driven by defendant Gerard T. Hirschfield, which was rear- ended by a vehicle owned by defendant UFCW Local 34250 (UFCW) and driven by defendant Meyer Steingard. Defendants UFCW and Steingard appeared and answered, while defendants Mountainside and Hirschfield defaulted. By order entered July 20, 2012, the Civil Court (William A. Viscovich, J.), among other things, severed the causes of action asserted against defendants Mountainside and Hirschfield, and, following an inquest, plaintiff was awarded a default judgment in the principal sum of $25,000 against those defendants. In the interim, plaintiff had retained Kareem Vessup, Esq., as his attorney and, on June 6, 2013, plaintiff, UFCW and Steingard reached a settlement whereby UFCW and Steingard agreed to pay plaintiff $50,000 in full satisfaction of all claims, and plaintiff agreed to provide UFCW and Steingard with a release and a stipulation of discontinuance. A stipulation of discontinuance as to those defendants was filed on August 15, 2013.
In June 2014, Vessup moved for an order directing plaintiff to appear in court to receive the settlement proceeds (less legal fees and costs) or, in the alternative, an order directing that the settlement proceeds (less legal fees and costs) be deposited in the clerk's office. Plaintiff, pro se, cross-moved, in effect, to dismiss Vessup's motion on the ground that the Civil Court did not have jurisdiction over this matter as evidenced by a letter from the supervising judge of the Civil Court, Queens County, dated January 10, 2014, which stated that "we are unable to intervene in this dispute as the case is no longer before this court." Plaintiff also cross-moved to, among other things, discharge Vessup, as counsel of record. By amended order entered August 18, [*2]2014, the Civil Court (Sally E. Unger, J.) granted the branch of Vessup's motion seeking an order directing that the settlement proceeds be deposited in the court to the extent of directing Vessup to deposit $41,666.67 with the Queens County Civil Court Clerk's Office on or before August 29, 2014, which monies were to be held by the clerk's office "until final presentation of a final Medicaid lien letter, or letter stating that no such lien exists, . . . upon receipt of same said lien is to be satisfied from the sum deposited," and granted plaintiff's cross motion only to the extent that Vessup was relieved as counsel upon the deposit of the proceeds with the clerk's office. The record on appeal indicates that the settlement proceeds were deposited with the Queens County Civil Court Clerk's Office in August 2014.
On appeal, plaintiff contends, among other things, that the monies included in the instant action were the basis of a pending Supreme Court action he had commenced against Vessup, and that the letter from the supervising judge of the Civil Court, Queens County, shows that the Civil Court does not have jurisdiction and, therefore, all of the proceedings that took place in the Civil Court are a nullity.
A review of the record indicates that the letter from the supervising judge of the Civil Court, Queens County, was in response to plaintiff's letter asking the court when he would receive the settlement proceeds. This letter is neither a formal court order, nor a declaration, establishing that the Civil Court does not have subject matter jurisdiction over Vessup's motion. Moreover, contrary to plaintiff's contention, the negligence/conversion action that plaintiff commenced against Vessup in the Supreme Court does not affect the instant Civil Court action. Plaintiff's remaining contentions lack merit.
Accordingly, the amended order, insofar as appealed from, is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: February 08, 2017